NO. 07-02-0481-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



OCTOBER 18, 2004


______________________________



JANIE R. FARNSWORTH and JOHNNY FARNSWORTH, 



 Appellants


v.



JOHN M. DEAVER, II and CAROL J. DEAVER, 



 Appellees

_________________________________



FROM THE 100TH DISTRICT COURT OF HALL COUNTY;



NO. 6,897; HON. LESLIE THOMAS, PRESIDING


_______________________________



Opinion


_______________________________



Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

 Johnny and Janie R. Farnsworth (the Farnsworths) appeal from a final judgment
entered in favor of John M. and Carol J. Deaver (the Deavers). Through the judgment, the
trial court denied recovery by the Farnsworths against the Deavers but awarded the latter
monetary relief and attorney's fees against the former. Furthermore, the dispute between
the parties involved a partnership they had entered into, which partnership eventually fell
upon hard times and had to be dissolved. The four issues before us concern the
repayment of capital accounts, the removal of partnership property which the Deavers
considered to be theft, the breach of fiduciary duties, and the award of attorney's fees. 
The judgment is modified and affirmed as modified.

Issue One - Repayment of Capital Account Imbalance 


 In their first issue, the Farnsworths contend the trial court erred when it ordered
them to pay the Deavers $6,134.37. The latter purportedly represented one-half of the
difference between the capital accounts of the Farnsworths and Deavers. (1) According to
the Farnsworths, "one partner does not have the right to recover the difference between
positive partnership capital accounts from another partner." This is purportedly so because
the Texas Revised Partnership Act simply obligates those partners with negative capital
accounts to repay the negative balance and return the account to zero, and the
Farnsworths had a positive balance in their account. We overrule the issue.

 In arriving at our decision we must say that the reasoning of the Farnsworths is
accurate in certain respects. When settling accounts between the partners, statute does 
prescribe that generally, a partner "shall contribute to the partnership an amount equal to
that partner's negative balance in the partner's capital account." Tex. Rev. Civ. Stat. Ann.
art. 6132b-8.06(b) (Vernon Supp. 2004-2005). So, as suggested by the Farnsworths, a
partner is required only to reimburse the partnership an amount equal to the negative
balance. Yet, we disagree with the manner in which they determined whether they had
a negative capital account. 

 In winding up the affairs of a partnership, creditors of the entity are not the only ones
entitled to payment. So too "shall [the partnership] make a distribution to a partner in an
amount equal to the partner's positive balance in the partner's capital account." Id. Given
this, capital accounts having a positive balance are debts of the partnership. (2) See Vol II,
A. Bromberg & L. Ribstein, Partnership, §7.10(b), p. 7:145-46 (2004) (categorizing a
partner's capital account as a debt of the partnership under the Uniform Partnership Act). 
Being debts, they must be included within the liabilities for which the partners are ultimately
responsible. Id. 

 Next, if the debts of the partnership exceed its assets (which also include the value
assigned to each capital account) it can be said that the partners have suffered a capital
loss. And, these losses, like all other debts, must be satisfied by the partners in direct
proportion to their share of the profits. Id.; see Tex. Rev. Civ. Stat. Ann. art. 6132b-4.01(b)
(stating that each partner is "chargeable with a share of the partnership's losses, whether
capital or operating, in proportion to the partner's share of the profits"). For example, let
us assume that three partners contributed $10,000, $5000, and $2000, respectively, to
capitalize Partnership X and agreed to share profits equally. Let us also assume that upon
dissolution of the partnership only $5000 remained after paying all creditors other than
partners who are creditors in their capacity as partners. See id. at art. 6132b-8.06(a)
(requiring the payment of all partnership obligations including those owed to partners in
their capacity other than as a partner). Since each partner is entitled to repayment of his
capital, Partnership X has a loss of $12,000, i.e. the $17,000 representing the sum of the
capital due each partner less the $5000 remaining after payment of all obligations other
than those owed the partners as partners. Dividing the $12,000 loss between the partners
in proportion to their share of the profits, i.e. one-third each, would result in each partner
owing $4000 to the partnership. And, once this $4000 is offset against the sums due from
the partners as reflected by their respective capital accounts, the partner who initially paid
$10,000 in capital would have a positive balance of $6000 in his capital account. The one
who paid $5000 would have a positive balance of $1000, while the one who paid $2000
would have a negative balance of $2000. Thus, the partner with the negative balance
would be obligated to pay $2000 to the partnership to remove his capital account from its
negative position. Vol II, A. Bromberg & L. Ribstein, Partnership, §6.02(c)(2); see Tex.
Rev. Civ. Stat. Ann. art. 6132b-8.06(b) (requiring payment of any negative balance in the
capital account); Walker v. Walker, 854 F. Supp. 1443, 1456 (D. Neb. 1994) (rejecting the
argument that one partner is not required to reimburse another for excess contributions).

 Here, the jury found that the Deavers had a capital account of $34,349.73, while the
Farnsworths had one of $22,080.68. (3) Thus, the partnership owed a debt of $56,430.09,
representing the total capital it was obligated to repay. Assuming that it had no assets left
after satisfying all non-partner debt and because the partners agreed to split profits 50/50,
the Farnsworths and Deavers would each owe $28,215.04 to cover the loss. (4) And, when
that sum is offset against the capital due each partner, the Deavers would have a positive
capital balance of $6134.37 (i.e. $34,349.41 minus $28,215.04) while the Farnsworths
would have a negative balance of $6134.36 (i.e. $22,080.68 minus $28,215.04). So, the
latter would owe the partnership an additional $6134.36 to satisfy that negative balance,
and that happens to be the approximate sum the trial court ordered them to pay the
Deavers (i.e. $6134.37). (5) 

 Nevertheless, the uncontroverted testimony of Carol Deaver revealed that upon the 
liquidation of the partnership's assets and payment of all debt (other than that related to
capital accounts) there remained $880 in cash. This sum was not taken into calculation 
by the trial court when computing the capital loss for which each partner was responsible. 
In other words, there was an additional $880 available to pay the capital accounts. 
Accordingly, the capital loss attributable to each partner is wrong. When the $880 is
considered, the Farnsworths' negative capital balance is not $6134.36 but $5694.36. 

 Next, the Farnsworths also argued that if they owed the Deavers payment for their
capital account, then the trial court erred in allowing prejudgment interest to accrue on that
sum at 10% per annum "[b]ecause no prejudgment interest statute applies to this case." 
Assuming arguendo that their argument was true, then the answer to the problem is found
in their own brief. They acknowledge that the prejudgment interest scheme established
under §304.101 et seq. of the Texas Finance Code applied if no other statute did. See
Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc., 962 S.W.2d 507, 530-31 (Tex.
1998) (dealing with Texas Revised Civil Statute art. 5069-1.05, §6(a), the predecessor to
§304.101 et seq. of the Texas Finance Code). And, at the time of judgment, see Natural
Gas Clearinghouse v. Midgard Energy, Inc., 113 S.W.3d 400, 414 (Tex. App.-Amarillo
2003, pet. denied) (holding that the applicable rate is that in existence at the time of
judgment), prejudgment interest accrued at the rate of 10% per annum. (6) So, if no statute
applied, as argued by the Farnsworths, then the trial court was entitled to adopt a rate of
10%, and, again, that happens to be the rate ordered in the judgment. 

 Issue Two - Evidence of Civil Theft

 In their second issue, the Farnsworths contend that there is no evidence or
insufficient evidence to support the finding of civil theft because there is neither evidence
of their intent to contribute their personal items to The Ivy Cottage nor evidence of any
intent to deprive the partnership. We overrule the issue.

 Specifically, the trial court asked the jury to determine whether "any of the items of
property removed from the Ivy Cottage premises by the Farnsworths on August 6, 2000
were partnership property" and, if so, whether the "Farnsworths commit[ted] theft in
removing the property . . . ." To each question, the jury answered yes. Whether these
answers are legally and factually supportable depends upon the application of pertinent
standards of review. The standards are well-settled and need not be reiterated. Instead,
we cite the parties to Golden Eagle Archery, Inc. v. Jackson, 116 S.W.3d 757 (Tex. 2003)
(addressing factual insufficiency) and Sterquell v. Scott, 140 S.W.3d 453 (Tex.
App.-Amarillo 2004, no pet.) (addressing both legal and factual insufficiency) for a
discussion of them. Furthermore, we cannot forget that it is the charge submitted to the
jury, not the law, by which we measure the sufficiency of the evidence if no one objects to
the charge. Osterberg v. Peca, 12 S.W.3d 31, 55 (Tex. 2000). 

 Next, to be found culpable of theft, it must be shown that the accused unlawfully
appropriated the property of another with the intent to deprive the owner of it. Tex. Civ.
Prac. & Rem. Code Ann. §134.002(2) (Vernon Pamph. Supp. 2004-2005); Tex. Penal
Code Ann. §31.03(a). Here, the allegation involved the theft of property belonging to the
Ivy Cottage partnership. Furthermore, one of the items taken by the Farnsworths was a
decorative elephant which Janie Farnsworth knew the partnership bought for resale. That
alone comprises more than a scintilla of evidence permitting the jury to say "yes" not only
to the question asking whether "any" property removed belonged to the partnership but
also to that asking whether the Farnsworths appropriated property with the intent to deprive
the owner of it. (7) So, in perusing the record for only that evidence supporting the jury's
answers to the questions as written and submitted by the trial court, we do encounter some
which renders them legally sufficient. 

 As to the contention about the verdict lacking factually sufficient evidentiary support,
we note that Janie Farnsworth testified to taking the elephant though knowing that it was
the partnership's property. Nothing of record contradicts that. Given this, we cannot say,
upon considering all evidence of record, that the evidence was factually insufficient to
support the jury's answers to the questions at issue and as written.


Issue Four - Attorney's Fees


 The fourth issue before us concerns attorney's fees. The Farnsworths contend that
the trial court erred in awarding the Deavers $58,128 in such fees for trial preparation. This
was purportedly so because the Deavers did not properly segregate fees which were
recoverable from those which were not. Purportedly, the $58,000 sum included both. We
overrule the issue.

 Generally, attorney's fees incurred by one party are not recoverable from another
unless allowed by statute or contract. Burnside Air Conditioning and Heating, Inc. v. T.S.
Young Corp., 113 S.W.3d 889, 898 (Tex. App.-Dallas 2003, no pet.). Moreover, when a
claimant pursues multiple causes of action, some of which permit the recovery of fees
while others do not, he has the burden of distinguishing between those fees incurred while
prosecuting claims for which fees may be awarded from all others. Natural Gas
Clearinghouse v. Midgard Energy Co., 113 S.W.3d at 416. Yet, segregation is not required
when the causes of action are dependent upon the same facts or circumstances and,
consequently, are intertwined and inseparable. Id. at 416-17. Should that situation arise,
then all the fees incurred while prosecuting the intertwined claims may be awarded. Id. 

 Here, and as itemized in appellants' brief, the Farnsworths sued for a breach of
contract and a declaratory judgment. So too did they seek an accounting and the
dissolution of the partnership. In turn, the Deavers filed a counterclaim asserting that the
Farnsworths breached the partnership agreement and committed theft under the Texas
Theft Liability Act. 

 According to the provisions of the Texas Theft Liability Act, one who prevails under
it may recover reasonable and necessary attorney's fees from his opponent. Tex. Civ.
Prac. & Rem. Code Ann. §134.005(b) (Vernon 1997). As illustrated in issue two, the
Deavers prevailed in their prosecution of their theft claim. Moreover, they did so by proving
that the Farnsworths removed at least one item of partnership property without
authorization of the partnership. That same allegation and evidence also comprised a
basis on which the Deavers refused to fulfill their purported agreement to buy the
Farnsworths' interest in the partnership. In short, they did not believe that they were
getting the benefit for which they bargained. So, the facts pivotal to the cause upon which
fees could be recovered, i.e. the theft claim, were also the same facts used to defend
against the Farnsworths' claim of breached contract. 

 Additionally, it cannot be forgotten that the Farnsworths also sought a declaratory
judgment from the trial court under §37.001 et seq. of the Texas Civil Practice and
Remedies Code. Through that particular cause of action, the court was asked not only to
declare that the Deavers had contracted to buy the Farnsworths' interest in the partnership
and breached that contract but also to "determine the existence of the partnership, and the
assets and liabilities of" it and "declar[e] and determin[e] the rights and obligations of the
parties in such regard." More importantly, by making the request, the Farnsworths imbued
the trial court with the discretion to award attorney's fees in any manner it deemed
"equitable and just." Tex. Civ. Prac. & Rem. Code Ann. §37.009 (Vernon 1997). That did
not mean the trial court was restricted to simply awarding them fees. On the contrary, the
blanket of authority arising from the demand for declaratory relief and granted under
§37.009 of the Civil Practice and Remedies Code encompassed the discretion to award
fees to any party, including the Deavers. First Nat. Bank v. J.E. Mitchell Co., 727 S.W.2d
360, 363 (Tex. App.-Amarillo 1987, writ ref'd. n.r.e.) (holding that fees may be awarded
to any litigant involved in the declaratory action in a manner deemed equitable and just by
the trial court). So, to the extent that the Deavers incurred attorney's fees while addressing
the declaratory judgment allegations, the trial court was permitted to award them those
fees. And, those allegations, as worded by the Farnsworths, were all encompassing.

 In short, of all the claims being asserted back and forth, we find none having facts
or circumstances unrelated to those for which attorney's fees could be awarded in one way
or another. Given this, we cannot say that the Deavers neglected to segregate recoverable
from unrecoverable fees. 

Issue three - Whether a Breach of Fiduciary Duty is A Breach of Contract


 Via their third issue, the Farnsworths ask us to determine whether a breach of
fiduciary duty constitutes a breach of any partnership agreement. We read the issue as
an attempt to negate one means by which the Deavers could obtain attorney's fees. Yet,
having held that independent basis existed to support the trial court's determination
regarding fees, there is no need to address issue four to dispose of this appeal. 
Accordingly, it is overruled as moot.

 We modify that portion of the judgment awarding the Deavers $6134.37 against the
Farnsworths and reduce the sum to $5694.36. As modified and having overruled each
issue, we affirm the judgment of the trial court.


 Brian Quinn

 Justice
1. According to the jury, the Farnsworths had a capital account of $22,080.68 while the Deavers had
one of $34,349.41. The difference between the two sums equaled $12,268.73. Half of that sum approximated
$6,134.37.
2. Of course, partners can affect the manner in which the partnership treats capital accounts by
executing a partnership agreement touching upon the subject. However, no such agreement was executed
at bar. Thus, the Texas Revised Partnership Act controls the treatment of those accounts here. Long v.
Lopez, 115 S.W.3d 221, 225 (Tex. App.-Fort Worth 2003, no pet.).
3. We note that the Farnsworths also contend that "no evidence" exists to support the jury finding viz
their respective capital account balances. Our perusal of the record, however, discloses more than a scintilla
of evidence supporting the determination. Indeed, the balance sheet created by the partnership's own
accountant and entered into evidence reflects capital balances identical to those found by the jury. So, we
reject the contention.
4. We assume for purposes of our calculation that the partnership had no cash remaining after
liquidating its assets.
5. The Farnsworths do not complain of that aspect of the judgment ordering them to pay the $6134.37
amount directly to the Deavers as opposed to the partnership for ultimate distribution to the Deavers. So, we
do not address whether the trial court erred in so ordering. 
6. According to §304.103 of the Texas Finance Code, prejudgment interest accrued at the same rate
as post-judgment interest. Furthermore, post-judgment interest accrued, when the judgment was signed here
(i.e. September 5, 2002), at the rate of 10% per year. Tex. Fin. Code Ann. 304.003(c)(2) (Vernon 1998) (the
applicable rate before amendment to the statute in June of 2003). 
7. We note that the Farnsworths did not attack the jury's answer to question No. 9. It pertained to the
value of the property taken. Given this, we need not determine whether the value of the elephant alone would
support the answer to question nine. Nor do we address whether the trial court erred in awarding the Deavers,
individually, damages for property owned by the partnership for no one questions it.